UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NANCE MARTELLI HUTTER

                           Plaintiff,

      -against-

BANK OF NEW YORK MELLON, F/K/A BANK
OF NEW YORK, AS TRUSTEE, ON BEHALF
OF THE REGISTERED HOLDERS OF
ALTERNATIVE LOAN TRUST 2007-OA7,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2007-OA7,

                           Defendant.
------------------------------------------------------------X

CIVIL ACTION NO. 18-8378

VERIFIED COMPLAINT

Plaintiff Nance Martelli Hutter ("Hutter" or "Plaintiff"), by her attorneys, Brian McCaffrey, Attorney at Law, P.C., as and for her Complaint herein, states as follows:

## THE PARTIES

1. Plaintiff is a citizen of the State of New York, County of Westchester.

2. Upon information and belief, Defendant BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7 ("Defendant") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Wall Street, New York, NY 10286. Defendant is a "debt collector" and a "furnisher" of credit information to credit reporting agencies.

## NATURE OF CLAIMS

3. Plaintiff brings this action seeking the following relief:

    a. A declaratory judgment and statutory damages, pursuant to 15 U.S.C. § 1692 (Fair Debt Collections Practices Act), prohibiting Defendant from bringing an action to collect a debt for which the applicable statute of limitations has expired; and

    b. A declaratory judgment and statutory damages, pursuant to 15 U.S.C. § 1681(c) (Fair Credit Reporting Act), prohibiting Defendant from reporting a debt for which the credit reporting period has expired; and

    c. A declaratory judgment, pursuant to NY RPAPL § 1501, NY CPLR § 213(4), and in equity, prohibiting Defendant from commencing a foreclosure action against Plaintiff and barring Defendant from all claim(s) to an estate, interest, lien or encumbrance of any sort, in the Real Property known as and located at 175 Hickory Kingdom Road, Bedford, NY 10506 (the "Property" or "Premises"); and

    d. Such other and further relief that this Court deems just and proper.

4. The claims arise from a mortgage and note executed by Plaintiff on February 6, 2004 and assigned to Defendant on March 22, 2016.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA and FCRA claims under 28 U.S.C. § 1331.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's NY RPAPL and equitable quiet title claims because these claims closely relate to the FDCPA and FCRA claims, having arisen from a common nucleus of operative facts, such that all claims for part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the corporate defendant does business in Westchester, New York, the contracts which are the subject of this action were executed in Westchester, New York, and the subject Premises are located in Westchester, New York.

## FACTUAL ALLEGATIONS

8. Plaintiff acquired a fee simple absolute title to the Premises by way of a deed dated January 30, 2004 and recorded in the Office of the Westchester County Clerk on May 26, 2004 under Control Number: 441280042. *See* **Exhibit A – Deed**.

9. Title to the premises is currently clouded by a Consolidated Mortgage (the "Mortgage", "mortgage" or "mortgage loan") dated December 11, 2006 and recorded on April 20, 2007 in the Office of Westchester County Clerk under Control Number: 470880063 against the real property located at and known as 175 Hickory Kingdom Road, Bedford, NY 10506. *See* **Exhibit B – Consolidated Mortgage**.

10. Said Mortgage was assigned to Defendant BANK OF NEW YORK MELLON, F/K/A BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA7 pursuant to an assignment of mortgage executed on March 22, 2016 by Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Bank, N.A. Its Successors and Assigns, which was recorded on April 01, 2016 in the Office of Westchester County Clerk under Control Number: 560913428   *See* **Exhibit C – Corporate Assignment of Mortgage.**

11. On March 19, 2009, Countrywide Home Loans, who was servicing the mortgage loan at the time, sent a letter to Plaintiff notifying her that the loan was in default, and that if said

default was not cured by April 23, 2009, "the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." *See* **Exhibit D – Acceleration Letter**.

12. Upon expiration of the cure period, on April 23, 2009, the loan was accelerated and the six-year statute of limitations (CPLR § 213(4)) to collect on and enforce the mortgage loan began to run, and it expired on April 23, 2015.

13. Nothing tolled, stayed, stopped or reversed the running of the statute of limitations after it started to run on April 23, 2009.

14. No foreclosure action was ever commenced against the Plaintiff to enforce the mortgage loan.

15. Plaintiff has no knowledge of whether there may be any claims by persons that are, unknowns, infants, mentally retarded, mentally ill, or alcohol or drug abusers.

16. Plaintiff has no knowledge of, or reason to believe, that the judgment prayed for in this action will affect any person or persons not in being, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved. Every person in being who may have been entitled to such an estate or interest if such an advent had happened immediately before the commencement of this action is named a party hereto.

FIRST CAUSE OF ACTION
(Declaratory Judgment and Statutory Damages: FDCPA)

17. Plaintiff repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Defendant is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6)

19. By the facts set forth above, pursuant to 15 U.S.C. § 1692 (Fair Debt Collection Practices Act), Defendant is prohibited from bringing an action to collect a debt for which the applicable statute of limitations has expired.

20. As such, Plaintiff respectfully requests that the Court issue a declaratory judgment prohibiting the Defendant from commencing an action to foreclose on the subject mortgage or to collect on the subject note.

21. Many federal courts have issued decisions holding that suing, or even collecting (without suit), on time-barred debt may violate the FDCPA under a variety of theories, such as: collection under such circumstances is unconscionable (15 U.S.C. § 1692f), is neither authorized, nor permitted by law (id.), or is misleading in various ways (§ 1692e(2), § 1692e(5) and § 1692e(10)).

22. Defendant has violated the FDCPA by attempting to collect from Plaintiff on the subject debt without disclosing to Plaintiff that the subject debt is time-barred.

23. As such, Plaintiff prays for statutory damages to the amount permitted by law for each and every one of Defendant's violations of the FDCPA.

## SECOND CAUSE OF ACTION
(Declaratory Judgment and Statutory Damages: FCRA)

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. By the facts set forth above, pursuant to 15 U.S.C. § 1681(c) (Fair Credit Reporting Act), Defendant is prohibited from reporting a debt for which the credit reporting period has expired.

26. As such, Plaintiff respectfully requests that the Court issue a declaratory judgment prohibiting the Defendant from reporting the subject mortgage loan to any credit reporting agencies.

27. A primary purpose for the FCRA is to protect consumers against inaccurate and incomplete credit reporting.

28. Civil liability for negligent and willful violations of the FCRA is not limited to "[a]ny consumer reporting agency or user of information," but now extends to "[a]ny person" who negligently or willfully fails to comply with certain statutory requirements. Pub. L. No. 104-208, §§ 2412(a), (d), 2413(a)(2), 110 Stat. 3001, 3009-446 (1996) (codified as amended at 15 U.S.C. §§ 1681n, 1681o); see also *Nelson*, 282 F.3d at 1060 (Congress intended "any person" in civil liability provisions to include furnishers).

29. Here, Defendant is a "furnisher" of credit information contained in Plaintiff's credit report.

30. As alleged herein, the debt owned by the Defendant is no longer collectable because it is time barred by the six-year statute of limitations.

31. Defendant continues to furnish inaccurate information to the Credit Reporting Agencies ("CRA's") regarding this time barred debt on the Plaintiff's credit report.

32. As a direct result of Defendant's actions, Plaintiff has been harmed, and prays for statutory damages to the amount permitted by law for each and every one of Defendant's violations of the FCRA.

### THIRD CAUSE OF ACTION
(Declaratory Judgment: NY RPAPL § 1501)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. The controlling Statute of Limitations for an action to foreclose a mortgage upon real property is found in NY CPLR § 213(4) which reads, in pertinent part, as follows: "The following actions must be commenced within six years:

    4) an action upon a bond or note, the payment of which is secured by a mortgage upon real property…"

35. NY RPAPL § 1501(4) provides in pertinent part:

Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage… has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action... to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom..."

36. RPAPL § 1501(5) provides:

"The interest had by any mortgagee or contract vendee of real property or by any successor in interest of either of them, is an "interest in real property" as that phrase is used in this article of the real property actions and proceedings law."

37. The express language of RPAPL § 1501(4) and 1504(5) applies to any party, including the Plaintiff herein, who claims an interest or estate in land that is the subject of an action.

38. As such, Plaintiff respectfully requests that this Court cancel and discharge the subject mortgage and adjudge the interest of Plaintiff in the Premises to be free therefrom.

## FOURTH CAUSE OF ACTION
(Declaratory Judgment: Equitable Quiet Title)

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40. To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable "cloud" on the property that is actually invalid or inoperative.

41. Plaintiff is actually and constructively in possession of the Property, by virtue of physical possession and by way of a deed dated January 30, 2004, conveying a fee simple absolute interest in the Property to Plaintiff.

42. There is a cloud on the title of the Property which is inoperative, namely, the subject mortgage which Defendant is precluded from foreclosing or collecting on due to the expiration of the applicable statute of limitations.

43. As such, Plaintiff respectfully requests that this Court cancel and discharge the subject mortgage and adjudge the interest of Plaintiff in the Premises to be free therefrom.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

   a. Declaring that, pursuant to 15 U.S.C. § 1692 (Fair Debt Collections Practices Act), Defendant is prohibited from bringing an action to collect on the subject mortgage and note and awarding Plaintiff statutory damages for each and every violation to the extent permitted by law; and

   b. Declaring that, pursuant to 15 U.S.C. § 1681(c) (Fair Credit Reporting Act), Defendant is prohibited from reporting the subject mortgage loan to any credit reporting agencies and awarding Plaintiff statutory damages for each and every violation to the extent permitted by law; and

   c. Declaring that, pursuant to NY RPAPL § 1501, NY CPLR § 213(4), and in equity, Defendant is prohibited from commencing a foreclosure action against Plaintiff and barring Defendant from all claim(s) to an estate, interest, lien or encumbrance of any sort, in the Real Property known as and located at 175 Hickory Kingdom Road, Bedford, NY 10506 (the "Property" or "Premises"); and

   d. Granting such other and further relief that this Court deems just and proper.

Dated:       Queens, New York
             September 10, 2018

……………………………………
Brian McCaffrey, Esq.
Brian McCaffrey, Attorney at Law, P.C.
88-18 Sutphin Blvd. (1st Fl.)
Jamaica, N.Y. 11435
Tel: (718) 480-8280

## VERIFICATION

I, Nance Martelli Hutter, state that I am the Plaintiff in this action and that the foregoing Verified Complaint is true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Nance Martelli Hutter

Sworn to and subscribed before me on this 10th day, of September, 2018

_____
Notary Public

NICOLE RENEE JOHNSON
Notary Public – State of New York
NO. 01JO6155717
Qualified in Putnam County
My Commission Expires Nov 20, 2018